FILED

DEC 14 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FABIAN VAKSMAN,

        Plaintiff - Appellant,

   v.

MICHAEL B. DONLEY, Secretary,
Department of the Air Force,

        Defendant - Appellee.

No. 08-35771

D.C. No. 2:07-cv-00225-FVS

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted November 17, 2009 [**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

    Fabian Vaksman appeals pro se from the district court's summary judgment

for defendant in his action under the Rehabilitation Act, 29 U.S.C. § 791, *et seq.*,

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

/Research

alleging that he was unlawfully terminated based on his disability.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007).  We affirm.

The district court properly concluded that Vaksman failed to demonstrate that he was "otherwise qualified" for his job because the record shows that he did not receive a passing score in a required course, and he did not request any accommodation until after his employment was terminated.  *See id.* ("To state a prima facie case under the Rehabilitation Act, a plaintiff must demonstrate that (1) [he] is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of [his] disability."); *Lucero v. Hart*, 915 F.2d 1367, 1372 (9th Cir. 1990) ("An individual is not 'otherwise qualified' if [he] cannot perform the essential functions of [his] job."); *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir. 2001) (concluding that employer was under no affirmative obligation to provide an accommodation for employee who never requested an accommodation).

Vaksman's remaining contentions are unpersuasive.

Vaksman's motion to expedite is denied as moot.

**AFFIRMED.**